Schneider thank you your honor good morning may it please the court I'm here on behalf of the opponents obviously our brief raised nine general issues for review of the district courts proceeding I was planning this morning on focusing on four of them the first four identified in our brief specifically the city's annual management fee includes the construction cost component as the court is aware Iowa has a very specific statutory framework for imposing fees on telecommunications carriers that use the public rights away I will code section 480 a-3 limits fees to the recovery of management costs caused by the public utilities activity in the public right away section 480 a-2 defines management costs as the reasonable costs a local government actually incurs in managing the public rights away now as we explain in our brief every city in Iowa other than Des Moines in implementing these procedures charges telecommunications carriers permit fees permit fees are fees that are charged at the point of time of access and are intended to recoups the city's particular cities costs that's irrelevant in this case isn't it because we got a statute and a definition I wouldn't say it's irrelevant your honor but I'll move on to what Des Moines does Des Moines charges an annual management fee in addition to its permit fees and what it does is it historically has calculated its permit fee revenues at the end of the year and then looked at its costs and then distributed the remaining costs on a linear foot basis over all the utilities to us that that has not been an appropriate methodology but it's always been fairly minimal charges so really no harm no foul however and the reason we're here today is that the spruce the city retained recently a company called Springstead to do a cost study to further assist in determining its management costs and Springstead did a cost study that included a component as I referenced earlier called construction costs the construction costs represent 86% of all the costs in that entire study Des Moines historically had never used a construction cost component in its management fee what about the cragness and that's why we're here is thank you your honor so cragness obviously involved prior litigation between the city and some plaintiffs who had charged a franchise fee I'm sorry over a mid America's charge of a franchise fee in that case the Iowa Supreme Court I did approve a caught the Springstead cost study a prior iteration of it that included a construction cost component it says construction costs due to the presence of utilities is the actual phrase yes what's that mean your honor as we understand the way the evidence was presented in that case and as the way the construction costs are defined here the the city characterizes construction costs really as two elements construction costs and engineering costs they say that it costs it adds 15% of all costs you know of a public project are due to the presence of utilities in the public right-of-way 20% of all engineering costs of a public project are due to public utilities in the right-of-way and when I mean due to your honor I think this was your question it's to work around essentially the utilities in the in the right-of-way cragness as we said was developed was decided under a different standard it was Iowa section 364 which is the all of the costs that were incidental to work in the right-of-way and as we've briefed this issue there's a lot of case law in Iowa that gives cities a lot of discretion when setting regulatory fees pursuant to Iowa Code section 364 and in similar provisions in cragness was there a similar limit or was there a similar limitation on the fees that could be charged that is management costs or management fees or was it an entirely different statutory scheme in cragness it was the latter your honor entire different statutory scheme in fact the city of course obviously has argued that they're there even though they're different statutes of the same standard and as we explained in our briefing telecommunications carriers used to be covered under that statute 364 and used to be subject to franchise fees and therefore their fees would have been limited to as a legislature of Iowa ever passed these two laws in the same bill using management costs your honor when they amended section 364 to omit telecommunications carriers from the class of carriers for which franchises are required they added I'll code section 480 I bet they did it in the same law they use the term management costs in the same law I bet what do you bet or do you know and when you say law your honor you talking about a statute yeah yeah a bill a bill that goes to the legislature they vote at the same time with the same meaning what's going on I I don't know your honor me I know obviously the word management costs is used within the steps section correct or 480 correct if there was a contemporaneous definition of the phrase management costs outside of the statute I'm not aware of it but yes but they dealt with 364 and 480 at the same time is my point right yes absolutely okay so I think cragness is relevant aren't you trying to say cragness is not relevant yes I'm saying cragness is not relevant yeah but it proceed with your argument well the reason I'm explaining is not relevant is because in why would there need to be a change in statute if you're gonna submit if you're going to create a management cost that wasn't the only reason for the change in the statute right it wasn't to exempt from a management fee or to change that definition was it your honor I don't know a different any other reason why the law was passed telecommunications art is a different industry from public utilities generally in fact telecom carriers are generally no longer considered public utilities and I think that that bill was passed with the recognition that competition had infiltrated that the communications industry wireless communications carriers obviously now are probably the most prevalent form of at least consumer use of phones and 480 a seems to it seems to me that's one of the key differences between the statutes am I wrong you're not wrong at all your honor no no we define magic we believe management costs has a more narrow definition than under the regulatory standard but in addition we do believe that those management costs must be caused shown to be caused by the carrier in order to be imposed whereas under the regulatory fee standard you could charge incidental causes incidents it costs for incidents so help me understand a little bit better why you think that the definition of management costs is significantly different for 480 a than it was in the statute in Craig so the statute in character doesn't use the term management cost your honor the definition of management costs is not there's no case law under it but in the industry management costs means managing the actual carriers use we we've cited some section 253 the telecom act to 53 C allows the recovery of fair and reasonable compensation for management of the public rights away there's FCC cases there is testimony from senators and in sponsoring the bill that revealed that all those activities are for managing the carriers use of the rights away nowhere in those examples is any situation where you're allowed to charge just for the headache of having to construct your projects around there and I think we think that's particularly relevant Iowa because there's two statutes in Iowa to give utilities and in this case it does includes telecommunications carriers the right to occupy the rights away and the city hall have Howard in case says you cannot charge rent for chart for using the public rights away to utility so if we as a utility have the right to occupy the public rights away that is not that is not that is inconsistent with the city of Des Moines ability to charge us a fee for having to work around the council we had a recent case that you're bet you know about from Iowa City and there we said the opposite of what you just said we said under Iowa law they the city has complete control thing let you into part of it not in part of it charged for part of it not charged for part of it that's in that's in this court's decision quoting and I was Supreme Court case so tell me what I'm missing I am familiar with the the Mediacom Iowa City case which was a franchise case that where the court ultimately concluded that you did not need to that the carrier there did not need to apply for a franchise because it wasn't providing cable video at the time but in our city and if the court said that that the city can regulate the use of the rights away at any point in times I don't know that we're necessarily disagreeing with the the regulation standpoint of the city clearly there's time place and manner restrictions on use of the rights away we couldn't just walk across the street right now and start tearing up the road we would have to go through the permitting process get authority pay requisite fees etc but ultimately and if this I don't think this was the issue that was before you in that case but ultimately if we were denied access to the public rights away because the city didn't feel like giving us access I think we would have a significant cause of action in that council I want to go back to the to the statutory scheme so Craigness did not involve a limitation involving management costs this statute involves a limitation on management costs the cause by which which judge Kelly got at but there's also a definition of management costs in the statutory scheme is my understanding which is the reasonable cost of local government actually incurs in managing public rights away and I'm interested in why the the construction costs don't meet that definition to me that's the pressure point if you leave aside Craig this Craig this is we talked about that the pressure point in this case for construction costs is why don't construction costs meet this definition of management costs textually thank you your honor and so the and the experts did agree in our experts agreed that there probably are additional costs that the city has to incur for working around utilities just like we know there's additional fees that the utilities have to a cost of the utilities incurred for having to work around the city the issue is whether or not these were actually caused as you brought up and all the expert did here was gas he said in my experience and he had no data support this he had not reviewed any underlying contracts he had just said in my experience in minutes northern Minnesota in the 80s it was about 15% added cost for construction 20% added cost for you're only objecting to the amount not that they knew some of it you agree they knew some construction costs right no you're right because we don't think construction cost is a management cost but assuming we were to lose that predicate argument and well that's the actually it's a predicate argument that I was interested in is I'm interested in knowing you know the definition of management is overseeing directing etc and I'm trying to figure out as a as an initial matter whether construction costs meet that definition I guess I'm sorry I was moving your said that our second argument no because it's not managing utilities all you what they're doing is they're managing their own projects they're doing wait wait wait wait you manage the rights-of-way right the subject is managing the right-of-way don't you have to construct something to manage the right-of-way at least put up a board or a sign or something or walk over or something yeah yeah sure and I think managing in our view managing the rights-of-way is managing carriers use of the rights-of-ways I don't know how you got to manage their own part of it too and the other people clearly yeah they do have to do that there has to be some construction there huh you know we do not think construction costs as a management cost even temporary construction costs even a sign and a piece of wood where you walk over and keep people from falling into it that's clearly a cost that the city has but we don't think that that is a managing the utilities use of the rights-of-way so anyway just to finish my second point because I know I'm running out of time here the Craigness case comes up again on our second argument because the city wholeheartedly relied on the calculation of those costs as reflected in the in the Craigness opinion for its position that they were correct here and as we pointed out in our briefs as their expert admitted on cross-examination the Iowa Supreme Court just got it wrong they confused the two surveys that the expert used in supporting his costs they looked at the survey that was used for operational costs they confused it with the cop the construction cost and they ultimately had affirmed the construction cost so I'll reserve the reserve the rest your time thank you mr. Harrelson may it please the court counsel I'm John Harrelson and I represent the city of Des Moines in this matter from our perspective we do not think this is a particularly complicated case how can we tell based on this judge's decision what went on at all well at all particularly about the cost well as you know from Judge Wooley's decision decision there were extensive agreements between the parties as to a stipulation of facts and then there were lengthy post both pretrial and post trial findings of facts and conclusions of law offered by the parties offered by the party not accepted by the district court the other court in its decision agreed that the city's findings of facts conclusions of law were adopted by the court as part of this decision would you read me that sentence in there as I more or less missed it in the last the last lines the defendant's city the more it is entitled to judgment this made all six claims the plaintiff's complaint in their prayer for injective relief and the reason set forth here set forth and all grounds set forth in the city's proposed order docket 60-1 filed in October 19 2016 and the supplement document 65 filed on November 22nd 2016 you think that's sufficient for us to review I believe that we go to your findings of fact to figure out what's going on in the case well we could ask the judge to write a 65 page opinion or even a even a four or five page opinion go ahead well it was a seven page opinion okay but one with findings of fact and conclusions along and and referred to the stipulated findings of fact between the parties which are in addition when it comes to the particular federal question I don't think the there was no evidence that the city's management fee provided any sort of prohibition for the provision of services by quest that was a fairly easy decision I think for the court to render given the testimony of the plaintiffs experts so the case became about the interpretation of 480 a well that's what I'd like to turn to is that is the interpretation of the statute and that line of reasoning or like line of questioning I had with opposing counsel which is I don't understand really it lets you take some of the reasoning maybe of Kragness how it can apply here given that management costs weren't warranted issue that there was that there wasn't a limitation in that statute on management costs like there is in this statute well I think an important aspect of Kragness to 810 Northwest second 492 on pages 505 509 511 is that the court in interpreting 364 F goes out of its way to repeatedly use the phrase maintain and manage the right-of-way due to the presence of utilities I believe it uses the phrase maintain and manage the rights-of-way five times in that opinion so you think you think that and this is this is the pressure point that's why I asked opposing counsel about this you think that instead of using the definition that the legislature gave us the Iowa legislature which defines management costs either they implicitly adopted explicitly adopted whatever that definition the definition from the Kragness case that that's really the definition we should apply and not the definition of the statute well I think there are two different ways to look at the phrase actual cost the reasonable cost actually incurred the first is is that I believe the area of the in the federal law where that issue is dealt with our Medicaid payments I think that I think that's actually in the Medicaid statute and the case law on that this wasn't briefed by us but I just before getting ready for this order just to look at that issue I believe that those costs are considered the reasonably necessary cost incurred in the service of the Medicaid of the Medicaid client so I think the analogy to that is is that construction costs engineering costs and the other costs related to the finding of the studies the two studies and Kragness are that maybe true but it talks about that the government actually incurs in managing public rights-of-way and I think that probably the the carriers have a literally overly broad conception of this saying that you have to be able to manage the carriers sitting in the rights-of-way this is about managing the rights-of-way it's of the themselves but I also don't know how construction costs are directing or overseeing the rights-of-way which it which are the synonyms for the word managing can you help me with that I think I think again the Kragness decision is a guide to that the court in Kragness to did not have to use words like maintain and manage they did not have to use words presence of utilities as opposed to presence of the utilities electrical and gas that case look at the study and what mr. drag a stitch testified or talked about the 2006 study and testify in that case is that construction and engineering costs are part of the are part of the management cost of the right-of-way the presence of utilities causes these additional costs in construction and engineering when it comes to the right-of-way as well as administrative overhead and other costs so Kragness did not Kragness and trying to define 365 2f described what management of the right-of-way is so you think that building a road and having to account you know or whatever sidewalk and having to account for the fact that there might be electrical wires or telephone wires or fiber optics underneath that those are costs that are managing overseeing or directing a right-of-way yes because as mr. drag a stitch testified and as the plaintiffs with and as the plaintiff's witness who's admitted don't the fact that there are utility conflicts causes projects to take longer it causes additional cost in the bidding because contractors and mr. drag a such by the way was the only individual with any contracting experience also the only individual who had had a city engineer and the only individual been a city manager and so he had experience in all three levels of judging how utility conflicts impact bidding including construction and engineering but they all admit that utilities do cause extra expense in the construction and projects because of conflicts especially in municipalities like Des Moines what are the limits that if management costs include construction costs what are the limits can any cost any cost at all that the that the city incurs that's related to the or caused by the the the right-of-way can that be recovered because it doesn't seem to me that there's a limiting principle here and maybe there shouldn't be maybe that's your argument but what what wouldn't be included well the principle is is on average of these 200 or so projects at the city of Des Moines has what costs cannot be articulated out as part of the management the utilities can't be isolated they because in large projects the utilities are generally very close together and they run up and down and all over and they cause conflicts and if there is if there if they are struck that's a cost that the contractor incurs they they also know the time is going to take so they build that into the cost it is a general principle there are occasions when individual cost can be extrapolated to individual utilities we're not talking about those instances when that happens that's true but I'm asking about what costs are outside completely so in you know can you give me an example of a cost that Des Moines couldn't pass along to the utilities that would not would be included it wouldn't be included in management cost I'm not a particular cost that where the city could isolate a utility not even isolate that it then nobody's that that basically it's something that Des Moines has to pay for because it's not it's not it's not within the realm of management costs well it an example would be mr. camps testimony talking about change orders that come to contracts where where because of delay or utility conflicts a project to slow down to the point where the city has to deal out of its own pocket to have the project fixed because it's difficult to extrapolate which utility is responsible and even if we thought we could then it's a litigation standpoint which would delay the project we have to pay it to taxpayers expected to be done that's an example addition to the cost that are embedded in a contract there are additional change order costs that occur as the project goes on that to not be singled out to a particular utility that's an additional part of the kind of additional costs that city taxpayers incur that the but that the management fee is trying to address which is one of the reasons why I think the Craig this court was so particular in the language used when it didn't just stress the electrical or gas utilities it talked about utilities and so what the city did with mr. drag a sitch after 2006 because it's important in the 2012 decision of Craig this there's a the particular line out there from the city is is that we know and this is true this case to the city's expert had extensive construction experience including the bidding of construction projects conducted in the right away it's also a different part of the definition says actually incurs right boy when you see the term actually incurs it sounds like we need a finding a fact about what what's actually incurred and you think there's any finding the springstead study is a general study like you characterized it of experience of other places in the general rules does that meet the actually incurred test or do we need a remand for factual finding about what's fact actually actually incurred I think that there's two principal part of that was my response to judge stress on the issue of how that term is concerned for Medicaid cases reasonably necessary so we don't want to go to Medicaid is right I just been five different programs but talk about the police but follow it just the finding of the Craig this case says states explicitly we agree with the district court findings that the increase engineering costs should be valued at twenty percent and increase construction costs should be valued at fifteen percent and adopt them as our own but but again that Cragness isn't dealing with the statute that we're looking at where that has a specific definition of management costs and talks about actually incurs and caused by and it seems to me that there's some difficulty in a general assessment of a percentage that is attributable to utilities and I if I read correctly I think the district court even talked about future future cost it how is that supported in what we've got here in the record for given the statute we're dealing well we we talked about I believe what the court was behind of us the expectancy of how construction and engineering costs would increase during the historical nature of how the how the bidding process is and how the cost processes one thing that I I think that is key is that in in Craig this one 714 Northwest second it talks about it has a list of all these different stat statutes that address this in particular makes a reference to 488 for dealing with recovery for administrative expenses for utilities that are not covered by the franchise agreement so the telecoms are pulled out of that agreement Craig this also talks about how it's not necessary that the city be able to do this mathematical certainty the third thing is as Mr. drag it is testified is that there's no such thing as the greenfield that Mr. Schwartz cough talked about in his testimony that yet if you had a greenfield construction costs would be a lot cheaper than they are with utilities present but there's no such thing as a greenfield in a municipality that's like the big difference between the Kentucky study which is referenced by both sides involving rural highway construction versus municipalities the the entities are there it is it is based on his experience and knowledge and that these increase the bidding on these process projects by that amount the embedded cost that goes into these contracts it is it is no doubt a theoretical construct but as a theoretical construct at the Supreme Court of Iowa found key and you in interpreting what is the maintenance and management because of the presence of utilities in the right of way in construction and engine and engineering expenses and we believe that's sufficient for that that is enough to meet the caused by or actually incurred language of the statute yes I don't know the the cause buys a past tense verb I'm sure the incurs is a present tense sure and aren't you talking about future costs all the time well the management fee that the city imposes is 15% it is it is a real-time fee that's yeah but don't you have to look at the past to recover it rather than the future to recover we looked which is one Medicaid way of doing it by the way talk about Medicaid well the it is it is a projection cost based on administrative fee on but it's based on the past experience in the bidding of projects and that's how the rate was determined and in reality we're really not charging it should be pointed in that we're really not charging 15 or 20% we're charging substantially less than the 29 cents or 35 cents that mr. drag is just found in the study would actually recoup the city's cost we're right now we're charging two cents per linear per lineal foot it'll graduate up yeah you're gonna you're facing it in right right and and obviously a part of the process is is that the in part of the ordinance is that the study gets reevaluated every five years so it has those components in to double-check to make sure that the rate is proper and still remains so but when it comes to the phrase of the actual cost of construction and engineering it is an historical study that makes a projection that this is the way in which construction bids generally are higher and engineering costs are generally higher because the utilities in the right-of-way the nature of utility complex isn't changing those all those cables are still buried in the road in the city of Des Moines and in most major miss miss pallets are not overhead they're in the ground therefore they're hard to determine construct contract just have to take more time to engineer them and so that study is I believe a reasonable reflection of the additional cost I think that's why the Iowa Supreme Court found so in the determining 364 and use the language they used and while the city did is do the reasonable thing the logical thing and say in determining our management costs in the 484 utilities that aren't gas and electric other utilities that using the Supreme Court's language of what a management cost is transferring that and doing a study to see what's applicable and that's what mr. drag a stitch did and that's what the city adopted unless there's any more time I see my time is up thank you thank you mr. Schneider thank you just back on the issue as to whether or not management costs include the construction costs I do note that subsection 3 of Iowa Code chapter 480 a says local government may recover from a public utility only those management costs caused by the public utilities activity in the public right away and I would say that the word activity has meaning in charging for your construction costs having to work around existing plant I would not characterize that as an activity by the by the public utility but it was an activity at one time though right it was an activity okay one time the other two issues that we identify with respect to construction costs deficiencies were the fact that in most cases they can be attributable to the specific utilities yet the Des Moines has chosen to lump them all together and charge them on a linear foot basis we think that's diametrically inconsistent with that same section of the statute which reserves management costs for only costs that can't be attributed and our final argument was that a linear foot allocation methodology has shows no relationship to cost causation the mr. Drake is itch said he had no opinion on that issue in the crackness case they actually allocated those costs on a per utility basis there's no evidence in the records supporting those two so with that I'll close thank you thank you counsel for your argument case 17-12 57 is submitted for decision